UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE HENNESSEY,<br><br>                Plaintiff,<br>     v.<br><br>AMERICREDIT FINANCIAL SERVICES INC., doing business as GM Financial, HOBLIT AUTOMOTIVE INC, doing business as Hoblit Chevrolet GMC as Hoblit Buick GMC,<br><br>                Defendants. | CASE NO. 3:24-cv-5145-DGE-RJB<br><br>ORDER OF DISMISSAL |

      This matter comes before the Court on the Motions of Defendants to Dismiss for Failure to State a Claim.  Dkts. 8 and 43.

      The *pro se,* Plaintiff, Janice Hennessey, is entitled to have her pleadings "liberally construed," but she is "subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).  The Court has considered all filings in this case in spite of the fact that some pleadings were not properly submitted.  For example, Dkts. 24 and 25 were sur-replies not offered in accord with Western Dist. of Washington Local Rule 7(g), but

ORDER OF DISMISSAL - 1

were considered by the Court, and were liberally construed due to Plaintiff's *pro se* status. The Court has considered Defendants' Motion, all documents filed in support and in opposition, and the file herein. For the reasons stated below, Defendant Americredit Financial Services, Inc.'s, doing business as GM Financial, ("Americredit") Motion to Dismiss (Dkt. 8) and joined in by Defendant Hoblit Automotive, Inc., doing business as Hoblit Chevrolet GMC and Hoblit Chevrolet Buick GMC ("Hoblit"), should be granted. (On June 5, 2024, Hoblit's motion to join in AmeriCredit's motion to dismiss (Dkt. 16) was granted. Dkt. 43.)

The Defendants' motion to dismiss is brought under Fed. R. Civ. P. 12(b)(6). Under this rule, a case may be dismissed if the complaint fails "to state a claim upon which relief can be granted." Further, the federal rules provide that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff fails to allege any reasonable theory showing a claim against Defendants.

Plaintiff alleges a breach of contract (Dkt. 1 at 4) but has not specified what Defendants did or failed to do that would amount to a breach of contract. Alleging a breach without facts justifying a claim is not sufficient. *See C 1031 Properties, Inc. v. First Am. Title Ins. Co.*, 175 Wn. App. 27, 33–34 (2013)(*cleaned up*)(holding that "[a] breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant").

Plaintiff alleges, under her "Second Cause of Action," violations of Washington State's Consumer Protection Act, RCW 19.86, *et. seq.,* ("CPA") (Dkt. 1 at 4) but alleges no wrongdoing by either Defendant that could plausibly constitute an unfair or deceptive act or practice. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780 (1986)(holding that to state a violation of the CPA, a Plaintiff must show five elements: "(1)

ORDER OF DISMISSAL - 2

unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.")

Plaintiff alleges violations of the Truth In Lending Act, 15 U.S.C. § 1605(a), *et. seq.,* ("TILA") (Dkt. 1 at 5-6) but such claims are here barred by the one-year statute of limitation, 15 U.S.C. § 1650(e), and Plaintiff fails to allege specific violations of that Act.

Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6) ("FDCPA") (Dkt. 1 at 6), but neither Defendant is a "debt collector" under the Act, but rather are "creditors." The FDCPA only applies to "debt collectors," 15 U.S.C. § 1692a(6), and not "creditors." *Henson v. Santander Consumer USA, Inc.,* 582 U.S. 79, 87-88 (2017)(holding debt collectors under the Act are only those who "collect debts owed another").

Plaintiff has requested a preliminary injunction. Plaintiffs seeking a preliminary injunction must establish one of two tests. *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017). The first test requires plaintiffs to show: (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*, 895 F.3d 717, 725 (9th Cir. 2018)(citing *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7 (2008) (*internal quotation marks omitted*)). Under the second variant of the 9th Circuit's test for a preliminary injunction, the "sliding scale" version of the *Winter* standard provides that "if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*,

ORDER OF DISMISSAL - 3

at 1217 (*internal quotation marks and citations omitted*).  Plaintiff fails to make a showing on any of the required elements for either test.

The Court is aware that the foregoing is a "bare bones" outline of Plaintiffs' pleading failures.  It is brief because of the following:  Plaintiff's claims rely on theories that have been rejected uniformly by courts across the country.  Plaintiff's claim is a debt avoidance scheme. To quote Defendants' argument:

> A current trend observed in courts across the country is the filing of baseless lawsuits by pro se parties against their creditors in an effort to avoid lawfully incurred debt. This scheme involves a party entering into a valid contract, receiving possession and use of the property under the contract, then later asserting that the underlying contract was somehow void or unenforceable and thus, the party should be entitled to both keep the collateral and receive monetary payment.

Dkt. 8 at 7 (*citing Gordon v. Wells Fargo Bank NA Inc.*, No. 5:22-cv-458 (MTT), 2023 WL 5487665, at *1 (M.D. Ga. Aug. 24, 2023); *Wiggins v. Capital One Auto Fin.*, No. 22-4172 (RK) (DEA), 2023 WL 4348730, at *1–2 (D.N.J. July 5, 2023); *Ishmael v. GM Financial Inc.*, No. 2:22-cv-1095-JDW, 2022 WL 2073821, at *1 (E.D. Pa. June 9, 2022); *Laboo v. Citizens One/Citizens Bank*, No. 1:21- CV-667-SDG-WEJ, 2021 WL 4866999 (N.D. Ga. Mar. 10, 2021)). As is reflected in Plaintiff's prayer at the conclusion of her claims (Dkt. 1 at 7), this is a scheme to secure her vehicle free and clear of any liens, but without paying the full balance on her contract, and adding in baseless claims on additional grounds.  Her pleadings are without legal basis, are unintelligible and could be classified as "hokum" or "gobble-de-goop."

Courts must give *pro se* litigants notice of deficiencies in their complaint and an opportunity to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) It is absolutely clear that any attempts to amend the complaint in this case would be futile.

ORDER OF DISMISSAL - 4

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 8**) IS GRANTED** as to the claims against both Americredit and Hoblit, and this case **IS DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of June, 2024.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge