UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JANICE HENNESSEY,

                  Plaintiff,

     v.

AMERICREDIT FINANCIAL SERVICES INC et al.,

                  Defendants.

CASE NO. 3:24-cv-05145-DGE

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS (DKT. NOS. 58, 66, 69)

## I      INTRODUCTION

Before the Court is Plaintiff's Motion for Relief from Order and Judgment and Request for Indicative Ruling Under Rule 62.1(A) (Dkt. No. 54) ("Motion for Relief from Judgment"), her Motion for Judicial Notice in support of the Motion for Relief from Judgment (Dkt. No. 58), a Motion for Leave to File a Supplemental Motion for Relief Under Rule 15(d) and Rule 60(b)(2) (Dkt. No. 66), and finally, a Motion for a Protective Order and Preliminary Injunctive Relief arising from the same facts (Dkt. No. 69).   This case concerns a contract for the sale of an automobile and financing for that vehicle.  (*See* Dkt. No. 1.)  Previously, the Court granted a

Motion to Dismiss against Defendants Americredit Financial Services (d/b/a GM Financial) and

Hoblit Automotive, Inc. on all claims and dismissed the case with prejudice and without leave to

amend. (Dkt. Nos. 43, 44.) The basis for the Motion for Relief from Judgment is claimed newly

discovered evidence, particularly an electronic Retail Instalment Sales Contract ("RISC") dated

October 30, 2021, which differs in some respects from the RISC dated October 27, 2021 that was

the subject of Plaintiff's initial complaint. (*See* Dkt. No. 54 at 1.) Plaintiff alleges the later dated

RISC was "forged." (*Id.*)

Because the October 30 RISC would not have made any difference to the disposition of

Plaintiff's claims had it been known at the time Plaintiff's case was dismissed, the Motion for

Relief from Judgment (Dkt. No. 54) is DENIED. The Motion for Judicial Notice (Dkt. No. 58)

is DENIED because the proffered documents do not meet the requirements of Federal Rule of

Evidence 201. The Motion for Leave to File a Supplemental Motion (Dkt. No. 66) is DENIED

as moot and needlessly duplicative. Finally, the Motion for a Protective Order and Preliminary

Injunction is DENIED because Plaintiff has no likelihood of success on the merits.

## II     BACKGROUND

a.     Initial Complaint and Dismissal

In October 2021, Plaintiff purchased a 2018 Chevrolet Tahoe from Hoblit Automotive

Inc., a California-based car dealer, with financing provided by GM Financial. (*See* Dkt. No. 1 at

2.) The financing was in the amount of $30,661.96. (*Id.*) However, Plaintiff claims that "the

alleged loan provided to her was not in fact loaned to her at all by the Defendants" because she

"has never received funds from the Defendants Hoblit or GM in the form of a check, ACH, wire

transfer or other which is considered a breach of contract by non-performance." (*Id.* at 2–3.)

This claim apparently relates to Plaintiff's broader views of the banking system, as she "has

come to learn that banks do not loan money and pursuant to 12 U.S.C. § 1431 they only have the power to borrow, give security, and pay interest" on obligations. (*Id.* at 2.) Plaintiff claimed that Defendants were liable for breach of contract, and violations of the Washington Unfair Business Practices Act (Wash. Rev. Code 19.86 et seq.), the Truth in Lending Act (15 U.S.C. § 1601 et seq.) ("TILA"), and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) ("FDCPA") (*See id.* at 4–6.) Plaintiff further sought injunctive relief. (*Id.* at 6–7.) Plaintiff attached to her complaint a copy of the October 27, 2021 RISC, which states that the total sale price was $63,631.44, of which $30,661.96 was financed—and it includes Plaintiff's handwritten signature. (Dkt. No. 1-2 at 46–51.)

Defendant responded that Plaintiff's complaint was a frivolous "debt-avoidance scheme" with a goal to "obtain the Vehicle free and clear of GM Financial's lien, without having to fulfill her payment obligations under the Contract." (*See* Dkt. No. 8 at 7–9.) Nothing under the contract required Defendants to pay Plaintiff the amount of the auto financing by "check, wire transfer, ACH" or other, when she took possession of the vehicle on credit. (*Id.* at 9.) As such, there was no breach of contract, and no unfair business practice. (*Id.* at 9–10.) Plaintiff's TILA claim was time-barred by a one-year statute of limitations, since the auto sale agreement was entered into on October 27, 2021 and this litigation commenced on February 21, 2024; in any event the claim would fail on the merits because the RISC contains all the information required by TILA. (*Id.* at 11.) Likewise, other things Plaintiff complained of could not constitute TILA violations, e.g. she complained that the RISC's "finance charge" did not include the cost of buying car insurance from a third party, and alleged that the practice of requiring a downpayment for the car violated the law. (*See id.* at 12–13.) Finally, Plaintiff had no claim under the FDCPA because GM Financial, as originator of the debt, was not a "debt collector" under the statute. (*Id.*

at 14–15.)  Because she could not show any likelihood of success on the merits, Plaintiff was not entitled to injunctive relief.  (*Id.* at 15.)  Defendants made no mention of a second RISC dated October 30.

On June 5, 2024, the Court (Bryan, J.), granted Defendants' Motion to Dismiss for Failure to State a Claim and Improper Venue.  (Dkt. No. 43.)  The Court agreed with Defendants that Plaintiff had identified no breach of contract and no unfair business practice, that her TILA claim was time-barred and otherwise unmerited, and that neither Defendant was a "debt collector" under the FDCPA.  (Dkt. No. 44 at 2–3.)  For these reasons, Plaintiff was not entitled to injunctive relief, because she could not show likelihood of success on the merits under any standard.  (*Id.* at 3.)  The Court agreed with Defendants' assessment that Plaintiff's case was a "debt avoidance scheme" to "secure her vehicle free and clear of any liens."  (*Id.* at 4.)  Despite Plaintiff's status as a *pro se* litigant, the Court found that any opportunity to amend the complaint would be futile and dismissed the case with prejudice and without leave to amend.  (*Id.* at 4–5.)  Following that dismissal, Plaintiff filed a Notice of Appeal to the Ninth Circuit.  (Dkt. No. 46.)

b.  Motion for Relief from Judgment and Motion for Judicial Notice

Subsequently, Plaintiff reopened proceedings in this Court, seeking an indicative ruling under Federal Rule of Civil Procedure 62.1 while her case is on appeal, and relief from judgment under Rule 60.  (Dkt. No. 54.)[1]  The basis of her motion is a new RISC dated October 30, 2021 ("October 30 RISC") that she obtained, of which she claims she had "no knowledge" and "did not sign."  (*Id.* at 3.)  She lists several differences between the October 27 and October 30 documents, including: her signature (which appears eight times, each one signed electronically

---

[1] The Court of Appeals granted an unopposed motion to stay proceedings in that court pending resolution of the motion for an indicative ruling in this Court.  (Dkt. No. 55.)

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS (DKT. NOS. 58, 66, 69) - 4

1    rather than in wet ink, and each one "forged"), the dealer number, the contract number, the name

2    of the seller-creditor, differences in fees (including transport and registration fees), payment term

3    (from 72 to 71 months), make and model, and other discrepancies.  (*Id.* at 4–5.)  In addition to

4    the RISC, Plaintiff claims that "newly discovered evidence" includes the Ninth Circuit's decision

5    in *Hoang v. Bank of America, N.A.*, 910 F.3d 1096 (9th Cir. 2018), and a federal regulation, 12

6    CFR 1006.2(i)(l).  (*Id.* at 8, 16.)  She seeks relief under Federal Rule of Civil Procedure 60(b)(1)

7    ("mistake, inadvertence, surprise, or excusable neglect), 60(b)(2) (newly discovered evidence),

8    60(b)(3) (fraud), 60(b)(6) (catch-all provision) and 60(d)(3) (fraud upon the court).  (*Id.* at 14–

9    18, 26.) [2]

10       In support of her Motion for Relief from Judgment, Plaintiff asks this Court to take

11    judicial notice of four documents: the Affidavit of Walker F. Todd filed in *Bank One v.*

12    *Harshavardhan*, Case No. 03-047448-CZ (Oakland Cty. Cir. Ct., Mich. 2003); the testimony of

13    Walker F. Todd for defendants in *United States v. Wahler*, No. 1:08-cr-00055-RLV-DCK, Dkt.

14    No. 186, (W.D.N.C. 2008); a Bill of Indictment in the same case (*Wahler* Dkt. No. 1); and a jury

15    verdict in *Wahler* acquitting defendant (*Wahler* Dkt. No. 166).

16       Defendants ask this Court to deny the Motion for Relief from Judgment, essentially

17    because the October 30 RISC is immaterial to the outcome of the case.  (*See* Dkt. No. 60.)  At

18    the outset, the Court notes that Defendants fail to offer any explanation as to why two RISCs

19

20    ---

[2] The Court notes that Plaintiff's briefs in this matter have been significantly overlength.  Her
21    Motion for Relief from Judgment was 8,193 words, with Plaintiff relying on the limit of 8,400
words in LCR 7(e)(3) (*see* Dkt. No. 54 at 30), but her motion should have been noted under LCR
22    7(d)(3) and subject to the 4,200 word limit of 7(e)(4).  (*See* Dkt. No. 60 at 5, n.1.)  Plaintiff's
reply brief was 4,047 words, which is nearly double the 2,100 word limit of 7(e)(4).  (*See* Dkt.
23    No. 67 at 19.)  While the Court understands that Plaintiff is proceeding *pro se*, the same
procedural rules apply to all litigants.  The Court warns Plaintiff that it has the authority under
24    LCR 7(e)(6) to disregard any text in excess of the word limit, and may do so at its discretion.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
(DKT. NOS. 58, 66, 69) - 5

1  exist and why there is a 3-day discrepancy in date between them.  Defendants do however argue

2  that the essential terms of the two documents are the same, including the description of the

3  vehicle purchased, sale price, annual percentage rate and finance charge, total of payments, and

4  most pertinently, the amount to be financed: $30,661.96.  (*Id.* at 4.)  They argue Plaintiff could

5  have accessed the October 30 RISC "at any time," since she obtained it not through discovery,

6  but through a June 22, 2024 letter to GM Financial.  (*Id.* at 3.)  As to Rule 60(b)(1), Defendants

7  argue that Plaintiff has not identified any mistake or excusable neglect.  (*Id.* at 6.)  As to "newly

8  discovered evidence" under Rule 60(b)(2), Plaintiff fails to explain how the new evidence is

9  material to her claims, or what steps she took to obtain it before the dismissal.  (*Id.* at 9.)

10  Moreover, Plaintiff's citations to legal authorities are not evidence.  (*Id.* at 8.)  As to fraud and

11  Rule 60(b)(3), Defendants say they did not mislead Plaintiff or the Court and "merely relied on

12  the RISC that was an exhibit to the Complaint, as required on a motion to dismiss."  (*Id.* at 11.)

13  Again, Defendants reiterate that "[n]one of Plaintiff's allegations in the initial Complaint were

14  based on any of the immaterial differences between the RISC and the Electronic RISC that

15  Plaintiff identifies."  (*Id.* at 12.)  For that reason, reliance on the catch-all provision, Rule

16  60(b)(6), is also inappropriate.  (*Id.*)

17          As to the Motion for Judicial Notice, Defendants argue that the documents Plaintiff

18  submitted do not meet the requirements of Federal Rule of Evidence 201, which allows the Court

19  to take notice of "an adjudicative fact" that "is not subject to reasonable dispute."  (Dkt. No. 61

20  at 2.)  Here, the Court cannot take notice of the documents for the truth of the facts they assert,

21  because those would be subject to dispute, and can only note the existence of the documents.

22  (*Id.*, citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).  Further, the Court

23  should not take notice of irrelevant documents.  (*Id.*)  The Todd affidavit and testimony

24

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
(DKT. NOS. 58, 66, 69) - 6

1   transcript offer "history and theories of banking" without context or a resume to establish Todd's

2   qualifications as an expert and are irrelevant to this case. (*Id.* at 4, 6.) Defendants warn that the

3   affidavit of Walker Todd is of dubious validity but frequently cited by individuals challenging

4   "problematic or unpaid loans," and for that reason other courts have refused to accept it.[3] (*Id.* at

5   4.) Similarly, the criminal indictment and acquittal from an unrelated case are irrelevant. (*Id.* at

6   6–7.)

7           c.  Motion for Protective Order and Preliminary Injunction

8           Plaintiff additionally seeks a temporary restraining order ("TRO") and preliminary

9   injunctive relief ("PI"). (Dkt. No. 69.) She asks the Court to prohibit Defendants from

10  collecting payments on either the October 27 or October 30 RISC despite her "lawful

11  withholding of payments during the dispute over the fraudulent contract." (*Id.* at 2.) She further

12  asks the Court to prevent adverse credit reporting, despite the nonpayment, and to prevent

13  repossession of the vehicle. (*Id.*) She accuses Defendants of harassment and "retaliatory and

14  intimidating actions." (*Id.*) According to Plaintiff, Defendants have placed the car in late

15

16  _____

    [3] Defendants cite and characterize the following rulings rejecting the Todd Affidavit:

17      *See e.g., United States v. Maclin*, No. 21- CR-113, 2021 WL 6197893, at *1 (E.D. Wis.
        Dec. 30, 2021) (explaining that the Affidavit "appears to be circulated on the internet and
18      used by litigants to promote a discredited theory regarding the enforceability of
        promissory notes"); *Lopez v. I.R.S.*, No. 3:17-cv-771(AWT), 2018 WL 4926489, at *5
19      (D. Conn. Aug. 27, 2018) ("As one magistrate judge has recognized, 'this supposed
        affidavit is widely circulated on the Internet; however, Walker Todd has advised the U.S.
20      Department of Justice that the affidavit is fraudulent. . . . In addition, the theories
        propounded in the purported affidavit have been uniformly rejected by the courts.'"
21      (citations omitted)); *McGregor v. Wells Fargo Bank*, No. 2:10-CV-0136-RWS-SSC,
        2011 WL 679435, at *3 n.3 (N.D. Ga. Jan. 26, 2011) ("Plaintiff attaches to his complaint,
22      among other things, the unsigned 'Affidavit of Walker F. Todd, Expert Witness for
        Defendants,' purportedly filed in a Michigan state court … where the *pro se* defendants
23      offered the same affidavit, and the court noted that 'the Todd Affidavit manifests itself
        throughout internet web sites offering advice about problematic or unpaid loans.")

24  (Dkt. No. 61 at 4–5.)

    ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
    (DKT. NOS. 58, 66, 69) - 7

payment status and she has received notice of adverse credit reporting. (*Id.* at 5.) She states that

Defendant Hoblit has contacted her despite the ongoing litigation, and she considers both this

contact and the credit reporting to be intimidation. (*Id.* at 5–6.) As to likelihood of success on

the merits, Plaintiff's arguments track those in her Rule 60 motion; she reiterates that the October

30 RISC was forged. (*Id.* at 7.) She states that the adverse credit reporting is an irreparable

harm due to its negative financial and emotional effects, and vehicle repossession would be an

irreparable harm because it would prevent her from traveling to medical appointments, work, and

other necessities. (*Id.* at 8–9.) As to equitable factors, Plaintiff argues that Defendants would

not be harmed by pausing collection activities during the pendency of litigation, and the public

benefits from enforcement of consumer protection laws. (*Id.* at 10–11.) The Court notes that as

an exhibit to her TRO application, Plaintiff again attached a copy of the October 30 RISC, this

time a timestamp is visible at the bottom of the page stating "THIS CUSTOMER CREATED

COPY WAS CREATED ON 10/30/2021 5:13:06 PM GMT." (Dkt. No. 69-3 at 10–16.)

       In their opposition, Defendants argue that the TRO/PI should be denied because Plaintiff

has no likelihood of success on the merits, in light of this Court's prior rulings and the lack of

merit to the Rule 60 motion. (*See* Dkt. No. 71 at 5–6.) Neither adverse credit reporting nor

vehicle repossession are irreparable harms, where both have alternative legal remedies. (*Id.* at

8.) As to the charge of harassment or intimidation, Defendant Hoblit states that a sales

representative unwittingly contacted Plaintiff because she recently purchased a car, but that staff

will be instructed not to contact her going forward, and they note that Plaintiff has recently sent

correspondence about this matter directly to Hoblit, rather than its counsel. (*Id.* at 9, Dkt. No.

72-1.) Finally, the equities do not favor Plaintiff, because she "has ceased making payments,

1    while maintaining possession of the Vehicle *for free*" and GM Financial has only engaged in

2    lawful collection activities.  (Dkt. No. 71 at 10–12.)

3                                    **III        DISCUSSION**

4           Federal Rule of Civil Procedure 60(b) includes several prongs, each of which could

5    provide a basis for granting relief from judgment.  Rule 60(d)(3) likewise provides for relief

6    from judgment where there has been a "fraud on the court."  For ease of reference, the Court

7    provides the appropriate legal standard for each of the claimed grounds for relief and then

8    analyzes the facts of this case under that standard on a claim-by-claim basis:

9           **a.  Rule 60(b)(1)**

10                  i.  Legal Standard

11          Rule 60(b)(1) covers cases of "mistake, inadvertence, surprise, or excusable neglect."

12   The "excusable neglect" aspect includes "negligence on the part of counsel."  *Bateman v. U.S.*

13   *Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).  Excusable neglect in this context is

14   "understood to encompass situations in which the failure to comply with a filing deadline is

15   attributable to negligence."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

16   380, 394 (1993).[4]  There are four equitable factors for the court to consider in applying the Rule:

17   "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential

18   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in

19   good faith."  *Bateman*, 231 F.3d at 1223–1224, (citing *Pioneer*, 507 U.S. at 395).

20

21

22   _____

     [4] *Pioneer* construed an analogous provision of the Federal Rules of Bankruptcy Procedure,
23   9006(b)(1), but the Ninth Circuit has recognized that the same test applies to Federal Rule of
     Civil Procedure 60(b)(1).  *Bateman*, 231 F.3d at 1222 (citing *Briones v. Rivera Hotel & Casino*,
24   116 F.3d 279, 381 (9th Cir. 1997)).

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
(DKT. NOS. 58, 66, 69) - 9

1

ii.  <u>Analysis</u>

2      Rule 60(b)(1) is not properly invoked here.  Although the text of the rule is broad and

3   could conceivably cover the inadvertent omission of the October 30 RISC prior to the motion to

4   dismiss, appellate decisions construing the Rule indicate that its use is to relieve a party that

5   missed a deadline of adverse judgment, which is inapplicable here.  Plaintiff is the movant here

6   and complains of prejudice by an omission from Defendants, but in applying Rule 60(b)(1), the

7   Court would have to consider the "danger of prejudice to the opposing party"—i.e., Defendants.

8   *Bateman*, 231 F.3d at 1223.  In *Bateman*, counsel for an employment discrimination plaintiff

9   missed a deadline to respond to a motion for summary judgment and the motion was granted as

10   unopposed; plaintiff moved to have judgment reversed under Rule 60(b)(1) due to excusable

11   neglect, and the Ninth Circuit ultimately granted that relief, finding minimal prejudice to the

12   defendant from the delay.  *Id.* at 1223–1225.  The facts here are inapposite.  If anything,

13   Defendant would be prejudiced by having to re-litigate the claims in this case after having them

14   dismissed with prejudice on the merits.  Therefore, Plaintiff is not entitled to relief under Rule

15   60(b)(1), and the Court proceeds to consider the next ground for relief.

16      **b.  Rule 60(b)(2)**

17         i.  <u>Legal Standard</u>

18      Rule 60(b)(2) covers "newly discovered evidence that, with reasonable diligence, could

19   not have been discovered in time to move for a new trial under Rule 59(b)."[5]  Following the

20   plain text, the rule "require[s] reasonable diligence, without exceptions."  *Marroquin v. City of*

21   *Los Angeles*, 112 F.4th 1204, 1215 (9th Cir. 2024).  Relief under Rule 60(b)(2) "is warranted if

22

23   _____

24   [5] For reference, Rule 59(b) allows a motion for new trial "no later than 28 days after the entry of judgment."  Neither party briefed whether this aspect of Rule 60(b)(2) is satisfied.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS (DKT. NOS. 58, 66, 69) - 10

1  (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered

2  evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to

3  discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that

4  production of it earlier would have been likely to change the disposition of the case.'" *Feature*

5  *Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer*

6  *Co. v. Toyota Motor Sales, U.S.A., Inc.,* 833 F.2d 208, 211 (9th Cir.1987)).  Further, "[e]vidence

7  is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at

8  the time of trial or could have been discovered with reasonable diligence." *Coastal Transfer*,

9  833 F.2d at 212.

10                    ii.  Analysis

11         Plaintiff cannot prevail under Rule 60(b)(2) because the newly discovered evidence

12  would not "have been likely to change the disposition of the case."  *Feature Realty*, 331 F.3d at

13  1093.  The Court limits its discussion of newly discovered evidence to the October 30 RISC,[6]

14  since, as Defendant correctly notes (Dkt. No. 60 at 8), legal citations are not evidence—

15  regardless of when Plaintiff's research uncovered the authorities cited.[7]

16

17

18  [6] Neither party briefed the question of whether the RISCs would be *admissible* evidence.  The
   Court assumes for purposes of this motion that they are.  *See e.g.*, Fed. R. Ev. 803(6)(B) (hearsay
19  exception for records of a regularly conducted business activity).  Defendants did not contest the
   legitimacy of the October 30 RISC, either.

20  [7] Plaintiff also discusses an "Unrebutted Affidavit by Janice Hennessey" as new evidence.  (Dkt.
   No. 54 at 17).  This is apparently a reference to a letter Plaintiff sent GM Financial, dated August
21  24, 2024, concerning GM Financial's failure to "return the negotiable instruments Plaintiff
   mailed as extra payments," GM Financial's denial that these instruments were valid forms of
22  payment, and GM Financial's failure to contest the accuracy of Plaintiff's claims in her
   "Affidavit of Truth."  (*See id.*; *see* Dkt. No. 54-16 at 2).  The Court will not consider this "newly
23  discovered evidence" as it is a) not in the form of a sworn affidavit, and b) created after the
   Court's grant of Defendant's Motion to Dismiss on June 5, 2024.
24

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
(DKT. NOS. 58, 66, 69) - 11

1    The October 30 RISC is "new" in that it was not part of the record at the motion to

2    dismiss stage, but a comparison of the October 27 and October 30 RISC reveals that the

3    differences between them are not legally relevant to Plaintiff's claims.  Holding the documents

4    side-by-side, the Court observes that the essential terms of the contracts are the same: both are

5    contracts between seller-creditor Hoblit Automotive and buyer Janice Hennessey for sale of a

6    used 2018 Chevrolet Tahoe with odometer reading of 35682 and VIN 1GNSCBKC7JR205516.

7    (*Compare* Dkt. No. 1-2 at 46 *with* Dkt. No. 54-2 at 2; *see also* Dkt. No. 54-8 at 2 (October 27

8    RISC without redactions.))  Both documents have a TILA disclosure box that specifies a rate of

9    interest of 9.95% on the loan, a finance charge of $10,181.48, a financing amount of $30,661.96,

10   a total of payments (e.g., principal plus interest) of $40,843.44, a downpayment of $22,788.00, a

11   total principal amount of $63,631.44, and a late payment penalty rate of 5% of the late amount.

12   (*Compare* Dkt. No. 1-2 at 46 *with* Dkt. No. 54-2 at 2).  The October 27 RISC specifies 71

13   monthly payments beginning on 11/26/21 while the October 30 RISC specifies 72 monthly

14   payments beginning on 11/29/21, but both have a monthly payment amount of $567.27; the

15   October 27 RISC alone includes a final payment in the same amount due on 10/26/27,

16   accounting for the difference.  (*Ibid.*)  On the second page of the contract containing a schedule

17   of fees, the October 27 RISC includes a $360 "transportation fee" and a total fees amount of

18   $697.00, while the October 30 RISC does not have a line item for a transportation fee, but has a

19   total fees amount of $1,057.00.  (*Compare* Dkt. No. 1-2 at 47 *with* Dkt. No. 54-2 at 3.)  As

20   Plaintiff indicates, her signature appears handwritten on the October 27 RISC and in electronic

21   typeface on the October 30 RISC, and the date on the signature line is different (10/27/2021 and

22   10/30/2021, respectively).  (*Compare* Dkt. No. 1-2 at 46–51 *with* Dkt. No. 54-2 at 2–8.)  The

23   dealer number and contract number on the top right corner of the first page are different between

24

the two documents (*Compare* Dkt. No. 54-4 at 2 *with* Dkt. No. 54-8 at 2), but Plaintiff's assertion that there is a discrepancy in "Make and Model" (Dkt. No. 54 at 4) appears unsupported.

From the information provided in the record by the parties, the Court cannot know for sure why Defendant Hoblit would generate two sales contracts for a vehicle or why there are any discrepancies between them.  However, the Court notes that in Plaintiff's complaint to the Federal Trade Commission, which she attached to her motion as an exhibit, she stated: "I signed the purchased documents partly online electronically with my signature and part in person with my wet inked signature all on October 27, 2021."  (Dkt. No. 54-23 at 2.)  Taking that as true, it would explain why there is one document with an electronic signature and one with a handwritten signature, though it would not explain the date discrepancy.

Regardless, the Court concludes that Plaintiff is not entitled to relief under Rule 60(b)(2) because the new evidence is not of "such magnitude that production of it earlier would have been likely to change the disposition of the case."  *Coastal Transfer*, 833 F.2d at 212.  The Court granted Defendant's Motion to Dismiss because Plaintiff's theory, that there was some obligation for the dealer to pay her the financing amount in cash or check despite the fact that she took possession of the vehicle on credit, did not establish a breach of contract nor an unfair business practice.  (*See* Dkt. No. 44 at 2–3.)  The conclusion that her TILA claim is time-barred (*see id.* at 3) is in no way affected by the 3-day discrepancy between the RISCs.  Either way, she purchased the car in October 2021 and initiated litigation in February 2024, when the limitations period is one year "from the date of the occurrence of the violation," and she claims the violations occurred from the outset of the contract.  15 USC § 1640(e); (*see* Dkt. No. 1 at 5). Likewise, nothing about the discrepancies between the two documents would change the Court's

1    conclusion that "Plaintiff fails to allege specific violations" of TILA.  (Dkt. No. 44 at 3.)

2    Finally, the differences in RISCs do not change the fact that Defendants are not "debt collectors"

3    under the FDCPA.  (*See id.*)

4         While Defendants additionally argue that Plaintiff failed to exercise due diligence and

5    could have discovered the new evidence sooner, the Court finds it unnecessary to reach that

6    argument.  Further, while Plaintiff's new legal citations are not evidence, the Court nonetheless

7    considers them and finds that they do not change the analysis, either.  *Hoang v. Bank of America,*

8    *N.A.*, 910 F.3d 1096, 1100–1102 (9th Cir. 2018) explains that when a borrower exercises their

9    right to rescission of a loan under 15 U.S.C. § 1635(a), state law dictates the statute of limitations

10   to initiate litigation, which in Washington is six years.[8]  Here, although Plaintiff cites § 1653(a)

11   in her complaint (among other TILA sections), the Court does not understand her TILA claim as

12   one for rescission, since her prayer for relief demands a "Check payable to Plaintiff in the

13   amount of $30,661.96" and an injunction to prevent repossession of the vehicle.  (*See* Dkt. No. 1

14   at 6–7.)  In other words, she seeks not to rescind the loan, but rather to be paid its principal

15   amount *and* keep possession of the financed vehicle.  And even if Plaintiff's TILA claim were

16   timely, it would not change the Court's determination that she failed to state a TILA violation.

17   (Dkt. No. 44 at 3.)  Likewise, while 12 C.F.R. § 1006.2(i)(1) includes in the definition of debt

18   collector "any creditor that, in the process of collecting its own debts, uses any name other than

19   its own that would indicate that a third person is collecting or attempting to collect such debts,"

20   Plaintiff provides no evidence that Defendants are attempting to collect on their debt under a

21   name different from their own.

22

23   ───────────────
     [8] The borrower typically has just three days to inform the lender of their intent to rescind, unless

24   the lender has failed to make its required disclosures under TILA, in which case the borrower has
     three years to rescind.  *Hoang*, 910 F.3d at 1100; 15 U.S.C. § 1635(f).

1    In sum, because nothing material about the case has changed as a result of the new

2    evidence, relief under Rule 60(b)(2) is unwarranted.

3          **c. Rule 60(b)(3)**

4                i. <u>Legal Standard</u>

5    Rule 60(b)(3) covers "fraud (whether previously called intrinsic or extrinsic),

6    misrepresentation, or misconduct by an opposing party."  To obtain relief under the Rule, "the

7    moving party must prove by clear and convincing evidence that the verdict was obtained through

8    fraud, misrepresentation, or other misconduct and the conduct complained of prevented the

9    losing party from fully and fairly presenting the defense."  *De Saracho v. Custom Food Mach.,*

10   *Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Further, "Rule 60(b)(3) 'is aimed at judgments which

11   were unfairly obtained, not at those which are factually incorrect.'"  *Id.*  (quoting *In re M/V*

12   *Peacock,* 809 F.2d 1403, 1405 (9th Cir.1987)).  Application of Rule 60(b)(3) is committed to the

13   district court's discretion.  *See id.*[9]

14               ii. <u>Analysis</u>

15   As a preliminary matter, despite her many uses of the word "forged," Plaintiff has offered

16   no proof that her electronic signature or the October 30 RISC were forged.  Indeed, she admitted

17   to signing some sales documents electronically in her FTC complaint.  (Dkt. No. 54-23 at 2.)

18   More importantly though, Plaintiff is not entitled to relief under Rule 60(b)(3) because she has

19   not proven by clear and convincing evidence that dismissal of her complaint was obtained

20   through fraud.  *De Saracho*, 206 F.3d at 890.  Plaintiff only included the October 27 RISC in her

21   complaint, and has not established that Defendants had an obligation to produce the October 30

22

23   [9] Under Rule 60(c), a motion under Rule 60(b) (1), (2), or (3) must be made "no more than a year
     after the entry of judgment or order or date of the proceeding."  That requirement is satisfied

24   here.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 54) AND RELATED MOTIONS
(DKT. NOS. 58, 66, 69) - 15

1    RISC before the Motion to Dismiss was decided.  Rather, Defendants correctly note that in filing

2    their Motion to Dismiss, they could not have introduced new evidence into the record outside of

3    the complaint, otherwise that would have converted the motion into one for summary judgement,

4    which would have been premature as discovery had not taken place.  *See* Fed. R. Civ. Pro. 12(d);

5    (*See* Dkt. No. 39, staying discovery pending the Court's ruling on the Motion to Dismiss.)

6    Moreover, in light of the analysis above that the differences between the RISCs are immaterial to

7    Plaintiff's case, she cannot demonstrate that "the conduct complained of prevented the losing

8    party from fully and fairly presenting the defense." *De Saracho*, 206 F.3d at 890.  Relief under

9    Rule 60(b)(3) is therefore denied.

10            **d.  Rule 60(b)(6)**

11           Rule 60(b)(6) is referred to as the "catch-all" provision of Rule 60(b) because it covers

12    "any other reason that justifies relief."  This provision "does not apply to situations 'covered by

13    any of the other reasons set forth in Rule 60.'" *Marroquin*, 112 F.4th at 1217 (quoting *Delay v.*

14    *Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007)).  The Ninth Circuit has stated that:

15           Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest
16           injustice and is to be utilized only where extraordinary circumstances prevented a
             party from taking timely action to prevent or correct an erroneous judgment. A
17           party seeking to re-open a case under Rule 60(b)(6) must demonstrate both injury
             and circumstances beyond his control that prevented him from proceeding with
18           the prosecution or defense of the action in a proper fashion.

19    *Delay*, 475 F.3d at 1044 (internal citations and quotations omitted).

20           Because of the Ninth Circuit's admonition that Rule 60(b)(6) should not be used in

21    situations where the other prongs of Rule 60(b) are applicable, and the Court's analysis of this

22    matter under Rules 60(b)(2) and (b)(3), the Court will not apply Rule 60(b)(6) here.  For the

23    same reasons stated above, this motion does not present an "extraordinary circumstance" where a

24

1    party was prevented from correcting an erroneous judgment, nor was Plaintiff prevented by

2    omission of the October 30 RISC from prosecuting her case in a "proper fashion."  Relief under

3    this rule is denied.

4          **e.  Rule 60(d)(3)**

5          Finally, the Court considers Rule 60(d)(3), under which a judgment may be set aside "for

6    fraud on the court."  Appellate courts set out a very high bar for application of this rule:

> A court's power to grant relief from judgment for fraud on the court stems from a
> rule of equity to the effect that under certain circumstances, one of which is after-
> discovered fraud, relief will be granted against judgments regardless of the term
> of their entry. However, the Supreme Court has noted that out of deference to the
> deep-rooted policy in favor of the repose of judgments, courts of equity have been
> cautious in exercising this power. Thus, relief from judgment for fraud on the
> court is available only to prevent a grave miscarriage of justice.
>
> Our own cases, similarly, have emphasized that not all fraud is fraud on the court.
> In determining whether fraud constitutes fraud on the court, the relevant inquiry is
> not whether fraudulent conduct prejudiced the opposing party, but whether it
> harmed the integrity of the judicial process. Fraud on the court must be an
> intentional, material misrepresentation. Thus, fraud on the court must involve an
> unconscionable plan or scheme which is designed to improperly influence the
> court in its decision.
>
> In addition, the relevant misrepresentations must go to the central issue in the
> case, and must affect the outcome of the case. In other words, the newly
> discovered misrepresentations must significantly change the picture already
> drawn by previously available evidence. In that vein, mere nondisclosure of
> evidence is typically not enough to constitute fraud on the court, and perjury by a
> party or witness, by itself, is not normally fraud on the court unless it is so
> fundamental that it undermined the workings of the adversary process itself.

21   *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–1168 (9th Cir. 2017) (cleaned up).

22         Here, as stated above, Plaintiff has failed to prove fraud at all, let alone fraud that

23   "harmed the integrity of the judicial process" or "involve[d] an unconscionable plan or scheme"

24   to "improperly influence the court in its decision."  Plaintiff has not proven that non-disclosure

of the October 30 RISC was intentional or a material misrepresentation that goes to a "central issue in the case" or is outcome-determinative.  For the same reasons, relief under Rule 60(d)(3) is inappropriate.

### f.  Motion for Judicial Notice (Dkt. No. 58)

The Motion for Judicial Notice is DENIED.  The Court agrees with Defendants that the proffered documents fail to satisfy the requirements of Federal Rule of Evidence 201 because they contain factual assertions that are "subject to reasonable dispute" and are not "generally known" in the judicial district.  Moreover, at least for the Todd Affidavit, their accuracy may "reasonably be questioned" in light of the concerns Defendant has raised.  (Dkt. No. 61 at 4–5.) But most importantly, the documents are not relevant and would not change the Court's disposition of this motion in any way.  The affidavit and testimony from Mr. Todd expound on the history of banking and theories of the financial system (*see generally*, Dkt. Nos. 58-1, 58-2) and their truth or falsity has no bearing on the validity of Plaintiff's auto loan specifically. Likewise, an indictment and acquittal in a criminal case more than a decade old, involving individuals with no connection to this case (*see* Dkt. Nos. 58-3, 58-4) are similarly irrelevant to Plaintiff's claims and the Court's consideration of them.

### g.  Motion for Leave to File a Supplemental Motion for Relief Based on Newly Discovered Evidence Under Rule 15(d) and Rule 60(b)(2) (Dkt. No. 66)

Plaintiff's Motion for Leave to file a Supplemental Motion for Relief is duplicative of the instant motion and is mooted by the above rulings.  Additional motions and briefing on this issue would waste judicial resources and would not aid the Court in its determination of the merits. The Motion for Leave is therefore DENIED.

### h.  Motion for a Protective Order and Preliminary Injunction (Dkt. No. 69.)

1    Plaintiff's Motion for a Protective Order and Preliminary Injunction is DENIED because

2    she has no likelihood of success on the merits, and the equities do not favor her.  Both TROs and

3    preliminary injunctions are governed by Federal Rule of Civil Procedure 65.  To obtain either

4    form of relief, a Plaintiff "must establish that he is likely to succeed on the merits, that he is

5    likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

6    tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def.*

7    *Council, Inc.*, 555 U.S. 7, 20 (2008).  The Ninth Circuit also employs a "sliding scale" variant of

8    the *Winter* test, under which "if a plaintiff can only show that there are 'serious questions going

9    to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary

10   injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the

11   other two *Winter* factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217

12   (9th Cir. 2017) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir.

13   2013)).

14   When Plaintiff last moved for a preliminary injunction in this case, this Court previously

15   held that "Plaintiff fails to make a showing on any of the required elements for either test."  (Dkt.

16   No. 44 at 4.)  Nothing has changed to alter that assessment.  In light of the Court's analysis of the

17   Rule 60 motion above, Plaintiff cannot demonstrate either likelihood of success on the merits or

18   a serious question going to the merits.  There is *no* likelihood of success on the merits where the

19   Court has already analyzed and rejected the claims on the merits, twice.  Further, the equities

20   strongly disfavor Plaintiff.  Granting Plaintiff the injunctive relief she seeks would amount to a

21   windfall: it would grant her the right to maintain possession of her vehicle without paying for it

22   and without any credit reporting consequences.  Such an outcome would amount to the "debt

23   avoidance scheme" the Court previously rejected.  (*Id.*)  Further, Plaintiff's claims of harassment

24

and intimidation are unsubstantiated.  Because the Court finds that Plaintiff cannot carry her burden either on likelihood of success or on balance of the equities, it need not decide whether vehicle repossession can constitute an irreparable harm, but the Court agrees with Defendants that an injunction on these facts would not serve the public interest.

## IV    CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Relief from Judgment (Dkt. No. 54) is DENIED because the new evidence would not have changed the outcome of this case at the motion to dismiss stage.  The Motion for Judicial Notice (Dkt. No. 58) is DENIED because the proffered documents do not meet the requirements of Federal Rule of Evidence 201 and are not relevant.  The Motion for Leave to File a Supplemental Motion (Dkt. No. 66) is DENIED as moot and needlessly duplicative.  Finally, the Motion for a Protective Order and Preliminary Injunction (Dkt. No. 69) is DENIED because Plaintiff has no likelihood of success on the merits and the balance of equities does not weigh in her favor.  Any hearing scheduled on the Motion for Protective Order and Preliminary Injunction is STRICKEN.

Dated this 25th day of November, 2024.

David G. Estudillo
United States District Judge